**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Darryl E. Bickham

   v.                                      Civil No. 07-cv-0064-PB

New Hampshire State Prison, Warden


**O R D E R**

Pro se petitioner Darryl E. Bickham has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).

For the reasons stated below, I find that the petition does not at this time make a facially sufficient showing that Bickham is entitled to relief. I therefore order him to amend the petition to demonstrate exhaustion of each claim before I will direct that the petition be answered.

**Background**

Convicted in November 1996 by the New Hampshire Superior Court (Strafford County) of four counts of aggravated sexual felonious assault, Bickham was sentenced to a term of imprisonment.  He is currently incarcerated at the New Hampshire State Prison ("NHSP").  Following his conviction, Bickham filed a direct appeal with the New Hampshire Supreme Court ("NHSC").  He has not identified the issues raised on appeal or provided this Court with a copy of the state court appeal.  The NHSC affirmed his conviction in January 1999.

On or about August 31, 1999, Bickham filed with the superior court a motion to appoint counsel in which he raised a claim of ineffective assistance of counsel.  Counsel was appointed in September 1999.  Bickham subsequently filed a motion to dismiss counsel based on counsel's failure to respond to his letters or return his telephone calls.  Counsel was dismissed in March 2000, and Philip Desfosses was appointed as new counsel on April 18, 2000.  On December 5, 2001, Desfosses was dismissed as counsel, and Patrick Fleming was appointed as new counsel.  While Bickham has not identified any other state court post-conviction petitions, actions or motions, correspondence from Fleming

suggests that Bickham may have filed with the New Hampshire Superior Court (Merrimack County) a petition for a writ habeas corpus, a motion to preserve and test DNA evidence and/or a motion for new trial.  (Correspondence from Patrick Fleming, Esquire dated January 18, 2005, May 14, 2004, January 15, 2004, October 1, 2002, February 15, 2002.)

Bickham now brings the instant petition in which he alleges the following three grounds[1] for federal habeas corpus relief:

1. violations of his Fifth Amendment rights when:

   a. Bickham was subjected to "multiplicious indictments";

---

[1] In his memorandum of law filed in support of his petition, Bickham alleges that he was denied meaningful access to the courts.  To the extent he intends to raise a fourth ground for federal habeas corpus relief, Bickham is cautioned that a prisoner's claim challenging his ability to gain meaningful access to the courts is a challenge to his conditions of confinement and, therefore, should be brought as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), rather than a petition for a writ of habeas corpus.  See Lewis v. Casey, 518 U.S. 343 (1996).  Bickham further alleges that he was denied access to potentially exculpatory DNA evidence.  To the extent he seeks access to DNA testing, his claim is cognizable under Section 1983.  See McKithen v. Brown, F.3d. , No. 03-0168-pt, 2005 WL 744728 at *6 (2d Cir. 2007) ("[A] claim seeking post-conviction access to evidence for DNA testing may properly be brought as a § 1983 suit."); accord Wade v. Brady, 460 F. Supp. 2d 226, 237 (D. Mass. 2006).

      b.   appointed counsel failed to file a timely motion to quash the indictments; and

      c.   Bickham was convicted of multiple unsustained counts and received multiple sentences (Ground One);

2.   denial of the Sixth Amendment right to effective assistance of counsel at pretrial, trial and post-trial proceedings (Ground 2);

3.   violation of the Fourteenth Amendment right to due process when Bickham was denied exculpatory evidence (Ground 3).

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see <u>Ayala Serrano v. Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, <u>see</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.   <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Bickham must show that he

4

is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  However, Bickham fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the

appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Bickham raises three grounds for federal habeas corpus relief.  As to each ground raised in the petition, there is no indication that he presented the claims or the federal nature of the claims to the NHSC for review. Accordingly, Bickham has failed to demonstrate exhaustion of state remedies as to claims raised in his federal petition.  To demonstrate exhaustion of his claims, he must provide this Court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  In particular,

he should provide this Court with a copy of the notice of appeal filed with the NHSC and any petition for habeas corpus relief. In addition, Bickham should identify the periods of time during which any state court appeals, motions or petitions were pending. He is instructed to provide this Court with copies of such filings to demonstrate that his instant federal habeas petition is not time-barred.  To the extent his claims are not time-barred, Bickham may need to return to the state courts to fully present his unexhausted claims and the federal nature of each claim before he can make the required amendment to his federal petition.

II.   Stay

The Supreme Court has held that a district court should stay a habeas corpus petition if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J.,

concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly, to the extent Bickham's claims are not time-barred and he elects to exhaust his unexhausted claims, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

## Conclusion

For the reasons stated above and because the claims raised in the petition have not been exhausted, I will allow Bickham an opportunity to amend his petition to demonstrate exhaustion of state remedies with regard to his claims and the federal nature of those claims.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the

NHSC and any other relevant state court pleadings, orders or decisions within thirty (30) days.  He is further instructed to identify the periods of time during which his state court appeals, motions or petitions were pending and to provide this Court with copies of those filings to demonstrate that his instant federal habeas petition is not time-barred.  If the claims have not been exhausted, he is ordered to notify the court either (1) that he is withdrawing the unexhausted claims or (2) that he is proceeding in state court to exhaust them.

In the event his claims are not time-barred and he chooses to exhaust in state court, Bickham must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Bickham is ordered to contact this Court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Bickham must notify this Court of the ruling and submit all briefs or other pleadings

>       filed in the state court proceedings; he must also
>       file a request with this Court, stating that his
>       state court matter has been disposed of and that
>       he wishes to terminate the stay and have this
>       Court further consider his petition.

   Failure to comply with either condition may result in dismissal of the petition without prejudice.

   **SO ORDERED.**

                              /s/ James R. Muirhead
                              James R. Muirhead
                              United States Magistrate Judge

Date: April 11, 2007

cc:   Darryl E. Bickham, pro se