**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Darryl E. Bickham</u>

  v.          Civil No. 07-cv-0064-PB

<u>New Hampshire State Prison, Warden</u>

**<u>O R D E R</u>**

   Pro se petitioner Darryl E. Bickham requests this Court to
lift the stay of proceedings and review his amended petition for
a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, in
which he challenges his New Hampshire state court conviction
(document nos. 1 and 5).  The petition is before me for
preliminary review.  <u>See</u> Rule 4 of the Rules Governing § 2254
Proceedings ("Habeas Rules") (requiring initial review to
determine whether the petition is facially valid); <u>see also</u>
United States District Court for the District of New Hampshire
Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to
preliminarily review pro se pleadings).

   For the reasons stated below, I find that the petition does
not at this time make a facially sufficient showing that Bickham
is entitled to relief.  I therefore order him to amend the

petition to demonstrate exhaustion of each claim before I will direct that the petition be answered.  He is further ordered to demonstrate why Ground One of the petition should not be dismissed as time-barred.

### Background

Convicted in November 1996 by the New Hampshire Superior Court (Strafford County) of four counts of aggravated felonious sexual assault, Bickham was sentenced to a term of imprisonment. He is currently incarcerated at the New Hampshire State Prison ("NHSP").  Following his conviction, Bickham filed a direct appeal with the New Hampshire Supreme Court ("NHSC") and raised six claims, none of which sufficiently identify a federal claim for purposes of federal habeas review.  The NHSC affirmed his conviction on October 21, 1998.

In August of 1999, Bickham filed with the superior court a motion to appoint counsel.  Sven Weiberg was appointed as counsel in September 1999 and represented Bickham through March 2000. Bickham subsequently filed a motion to dismiss Weiberg based on his failure to respond to Bickham's letters or telephone calls. Weiberg withdrew as counsel in March 2000.  Philip Desfosses was appointed as counsel on April 18, 2000 and represented Bickham

through December 5, 2001, at which time Desfosses was dismissed.
Subsequently, Patrick Fleming was appointed as Bickham's counsel.
Despite the appointment of counsel, there is no indication that
any application for state post-conviction relief or other
collateral review was filed on Bickham's behalf during the period
of March 2000 through August 25, 2004.

On August 26, 2004 Bickham filed his first habeas corpus
petition with the superior court (Merrimack County) in which he
raised the following two claims:

(1)   ineffective assistance of trial counsel in
violation of Bickham's federally protected rights under
the Sixth and Fourteenth Amendments; and

(2)   destruction of and/or failure to preserve
exculpatory evidence in violation of Bickham's
federally protected right to due process.[1]

The superior court denied his petition on March 15, 2006 and
denied his motion for reconsideration on April 11, 2006.  In May
2006, Bickham filed an appeal with the NHSC in which he raised
the following eight claims:

(1)   denial of the right to due process when the state
destroyed forensic evidence without contacting Bickham

---

[1]The record further reveals that a motion to preserve
evidence was filed on November 9, 2004.  Bickham subsequently
discovered that in August 2002, the state investigating agency
destroyed certain exculpatory evidence consisting of a pair of
underwear worn by the victim.

3

or his appointed counsel;

(2)   denial of due process when Bickham moved for appointed counsel in August 1999 and notified the state of the need to preserve forensic evidence;

(3)   denial of due process when in its order of March 15, 2006 the state court found that the forensic evidence was destroyed as part of customary practice and pursuant to the County Attorney's written authorization;

(4)   ineffective assistance of trial counsel;

(5)   denial of due process when the state court denied Bickham's motion to subpoena correspondence from appointed counsel, which allegedly would have demonstrated Bickham's diligence in attempting to preserve forensic evidence;

(6)   denial of due process when the state court ruled on March 15, 2006 that trial counsel need not ask Bickham if she should acquire more definitive forensic evidence before unilaterally deciding to forego such testing;

(7)   denial of the right to due process and a jury trial when the state court in its order of March 15, 2006 predicted the outcome of DNA testing that was never performed; and

(8)   denial of the right to due process when the state court in its order of March 15, 2006 ruled that trial counsel testified to Bickham's admission that he likely committed the offense.

The NHSC declined his appeal on June 14, 2006 and denied his

motion for reconsideration on July 20, 2006.

Bickham filed a second habeas corpus petition on September

4

5, 2006 in which he raised the following claims relevant to this
action:

> (1)  failure to disclose potentially exculpatory
> evidence, including newly discovered laboratory notes
> that were not disclosed at trial, in violation of
> Bickham's Fourteenth Amendment right to due process
> and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its
> progeny (holding that prosecution's suppression of
> evidence favorable to an accused violates due process
> where the evidence is material either to guilt or to
> punishment); and
>
> (2)  ineffective assistance of counsel arising from the
> failure to test and preserve potentially exculpatory
> forensic evidence, in violation of Bickham's Fifth,
> Sixth and Fourteenth Amendment rights.

The superior court denied the petition on September 13, 2006 and

denied his motion for reconsideration on October 20, 2006.  There

is no indication that Bickham filed a subsequent appeal.

On March 7, 2007, Bickham filed the instant petition in

which he alleges the following three grounds for federal habeas

corpus relief:

> (1)  violation of the Fifth Amendment prohibition
> against double jeopardy when:
>
>> a.   Bickham was subjected to multiplicious
>>      indictments;
>>
>> b.   appointed counsel failed to file a timely
>>      motion to quash the indictments; and
>>
>> c.   Bickham was convicted of multiple unsustained
>>      counts and received multiple sentences

(Ground One);

(2)  denial of the Sixth Amendment right to effective
assistance of counsel at pretrial, trial and post-trial
proceedings (Ground 2); and

(3)  violation of the Fourteenth Amendment right to due
process arising from the failure to compel, present and
preserve exculpatory evidence (Ground 3).

He now requests this Court to lift the stay of proceedings and
preliminarily review his federal petition.

### Standard of Review

In reviewing a pro se petition, this Court must construe the
pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8,
15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106
(1976)), treating all well-pleaded factual allegations as true
and drawing all reasonable inferences in the litigant's favor,
see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining
that all "well-pleaded factual averments," not bald assertions,
must be accepted as true).  This review ensures that pro se
pleadings are given fair and meaningful consideration.  See
Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

### Discussion

I.  Statute of Limitations

Ground One of the petition appears to be barred from

consideration due to Bickham's failure to file within the one-year statutory limitations period.  Grounds Two and Three allegedly arise from newly discovered facts, therefore, I conclude that they fall within a statutory exception to the limitations period and thus are not time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, requires that prisoners file applications for writs of habeas corpus within one year from the date on which the challenged judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  This limitation period begins to accrue from the date of the final disposition of any direct appeal to the state court of last resort and the conclusion of certiorari review by the United States Supreme Court, or the running of the ninety-day period in which to seek such review. 28 U.S.C. § 2244(d)(1)(A).

"Statutory exceptions exist where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim."  David v. Hall, 318 F.3d 343 (1st Cir. 2003)(citing Section 2244(d)(1)(B)-(D)).  The limitations period may be tolled during the pendency of a properly filed application for state post-conviction relief or

other collateral review in state court, and may be equitably tolled in appropriate circumstances.  28 U.S.C. § 2244(d)(2). See also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004).  In the AEDPA context, equitable tolling is the exception rather than the rule and is deemed justified only in extraordinary circumstances.  Id.

Here, Bickham challenges a conviction that became final when his direct appeal was affirmed on October 21, 1998.  Absent tolling, he had until January 21, 1999 to file a federal habeas corpus petition.  He filed his first federal petition on March 7, 2007, more than eight years after the AEDPA grace period had expired.  His federal petition, therefore, is time-barred unless he can demonstrate that an application for state post-conviction relief or other collateral review tolled the limitations period or that he falls within a statutory exception to the one-year limitations period.

Although Bickham filed additional state court appeals beginning in August 2004, they were not filed during the AEDPA limitations period therefore their pendency is not relevant to the tolling provisions.  He appears to allege an exception to the one-year limitations period on the basis that he obtained newly

discovered evidence in 2004 and/or 2005.  That evidence allegedly
was obtained through discovery and consisted of potentially
exculpatory laboratory notes that were not disclosed at trial.
Bickham's state court appeals filed in 2004 through 2006 raise
claims similar to Grounds Two and Three in the instant federal
petition.  While it is not clear whether the statute of
limitations is implicated from the time of discovery until the
filing of the instant federal petition, for purposes of
preliminary review I conclude that Grounds Two and Three of the
petition are not time-barred.

Ground One of the petition, however, appears to be time-
barred.  Bickham's state court appeals filed after 2004 do not
raise any claim similar to Ground One in the federal petition.
"The timeliness calculation under § 2244(d)(1)(D) requires
'claim-by-claim consideration,' meaning that, if applicable, the
provision would not make this habeas petition timely as to all
claims raised, but only as to claims based solely on the newly
discovered facts." Gillum v. Norris, No. 5:06cv00064-JLH, 2007
WL 1442683 at *6 (E.D. Ark. May 16, 2007 (quoting Pacer v.
DiGuglielmo, 544 U.S. 408 n.6 (2005)).  Because Ground One is not
premised upon newly discovered facts, Bickham is ordered to amend

his petition to demonstrate why that claim should not be dismissed as time-barred.

        II.  <u>Custody and Exhaustion</u>

        To be eligible for habeas relief, Bickham must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process).  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  However, as explained more fully below, Bickham fails to satisfy the second requirement because the petition does not demonstrate that he has fully exhausted his state remedies with regard to each claim.

        A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988), <u>cert.</u> <u>denied</u>, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to

correct the claimed constitutional error"); see also Baldwin v.
Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365–66
(requiring petitioner to "fairly present" his claim in the
appropriate state courts, including a state supreme court with
powers of discretionary review, thereby alerting that court to
the federal nature of the claim)).  "[T]he exhaustion principle
holds, in general, that a federal court will not entertain an
application for habeas relief unless the petitioner first has
fully exhausted his state remedies in respect to each and every
claim contained within the application."  Adelson v. DiPaola, 131
F.3d 259, 261 (1st Cir. 1997).

       In the instant petition, Bickham raises three grounds for
federal habeas corpus relief.  As to Ground One, pertaining to
multiplicious indictments, there is no indication that he
presented the federal nature of the claim to the NHSC for review.
Accordingly, he has failed to demonstrate exhaustion of state
remedies with regard this claim.  As to Grounds Two and Three,
pertaining to ineffective assistance of counsel and due process
violations arising from the denial of exculpatory evidence, the
record reveals that Bickham raised both claims in his second
habeas corpus petition filed with the New Hampshire Superior

Court.  However, there is no indication that he filed a
subsequent appeal the NHSC and presented the claims to the NHSC
for review.  Accordingly, I conclude that he has failed to
demonstrate exhaustion of state remedies with regard to Grounds
Two and Three.

To demonstrate exhaustion of his claims, Bickham should
provide this Court with copies of any related motions, petitions,
notices of appeal, briefs and orders and/or final judgments
pertaining to his state court proceedings.  See Smith v. Digmon,
434 U.S. 332, 333 (1978) (discussing documents which would enable
a federal court to determine whether the grounds supporting the
habeas petition had been presented for review in the state
courts).  In particular, he should provide this Court with a copy
of the notice of appeal filed with the NHSC pertaining to his
second state court habeas corpus petition.  He may need to return
to the state courts to fully present his unexhausted claims and
the federal nature of each claim before he can make the required
amendment to his federal petition.

II.  Stay

The Supreme Court has held that a district court should stay
a habeas corpus petition if the petitioner has good cause for his

12

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics.  See  Rhines v. Weber, 544 U.S. 269, 278-79 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court).  See also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies).  Staying unexhausted claims may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack.  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").  Accordingly, I will order the proceedings stayed and the petition held in abeyance, pending complete exhaustion of state remedies.

### Conclusion

    For the reasons stated above and because the claims raised

in the petition have not been exhausted, I will allow Bickham an

opportunity to amend his petition to demonstrate exhaustion of

state remedies with regard to his claims and the federal nature

of those claims.  He is further instructed to amend his petition

to demonstrate why Ground One should not be dismissed as time-

barred.

        To demonstrate exhaustion, Bickham is instructed to provide

the court with a copy of his notice(s) of appeal to the NHSC and

any other relevant state court pleadings, orders or decisions

within thirty (30) days.  He must commence the state court

proceedings within thirty (30) days of the date of this order.  I

will order the proceedings stayed and the petition held in

abeyance, pending complete exhaustion of state remedies.  The

stay will be issued under the following two conditions:

> 1.  Bickham is ordered to contact this Court every
> 90 days, beginning from the date of entry of this
> order, and inform the court of the status and
> pendency of his state court proceedings, if any,
> and the disposition of any appeal or related
> matter.
>
> 2.  Within 30 days following any ruling and/or
> notification by the New Hampshire Supreme Court on
> the claims at issue, and the exhaustion of such
> claims, Bickham must notify this Court of the
> ruling and submit all briefs or other pleadings
> filed in the state court proceedings; he must also
> file a request with this Court, stating that his

14

state court matter has been disposed of and that he wishes to terminate the stay and have this Court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 31, 2007

cc:   Darryl E. Bickham, pro se