**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Darryl E. Bickham

  v.             Civil No. 07-cv-0064-JL

New Hampshire State Prison, Warden

**O R D E R**

  Pro se petitioner Darryl E. Bickham requests this Court to lift the stay of proceedings and review his amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, in which he challenges his New Hampshire state court conviction (document nos. 1, 5, 8-9 ).  See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  Also filed is a motion to amend the petition which is hereby granted (document no. 9).

  In his initial petition filed on March 7, 2007, Bickham raised the following grounds for federal habeas corpus relief:

  (1)  violation of the Fifth Amendment prohibition
     against double jeopardy when:

     a.    Bickham was subjected to multiplicious indictments;

     b.    appointed counsel failed to file a timely motion to quash the indictments; and

     c.    Bickham was convicted of multiple unsustained counts and received multiple sentences (Ground One);

(2) denial of the Sixth Amendment right to effective assistance of counsel at trial and on direct appeal (Ground Two);[1] and

(3) violation of the Fourteenth Amendment right to due process arising from the State's failure to compel, present and preserve exculpatory evidence (Ground Three).

By order of April 11, 2007 and May 31, 2007, I ordered the proceedings stayed and the petition held in abeyance, thereby affording Bickham an opportunity to exhaust state court remedies as to Grounds Two and Three of the petition. I further ordered him to demonstrate why Ground One of the petition should not be dismissed as time-barred. He now requests this Court to lift the

---

[1] I liberally construe Bickham's claim to allege that he was denied effective assistance at trial and on direct appeal. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(holding that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel at trial); Smith v. Ohio Dep't of Rehab. and Corr., 463 F.3d 426, 433 (6th Cir. 2006) (holding "[t]here is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right.").

stay of proceedings on the basis that he has withdrawn Ground One and that his amended petition demonstrates exhaustion of Grounds Two and Three. In addition, he appears to amend Ground Two to allege that counsel further denied him effective assistance by failing to file a timely motion to quash the indictments and that as a result he was subjected to multiplicious indictments.

In support of his amended petition, Bickham has provided a copy of a notice of appeal filed with the New Hampshire Supreme Court ("NHSC"), which was declined on November 30, 2007. Certain claims raised in the notice of appeal are similar to the federal claims raised in Grounds Two and Three of his federal petition. Without commenting on the merits of the claims, I conclude that he has demonstrated exhaustion of Grounds Two and Three for purposes of preliminary review. In light of Bickham's withdrawal of Ground One, I direct that only Grounds Two and Three of the petition be served on the respondent.

Accordingly, Grounds Two and Three of the petition shall be served upon the New Hampshire State Prison. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, copies of this Order, my two previous orders (document nos. 4 and

6) and the original habeas petition and amendments thereto (document nos. 1, 5, and 8-9).  The respondent is directed to answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   February 14, 2008

cc:     Darryl E. Bickham, pro se